# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 20-0888** (Nicholas County 19-F-8)

**Nathan Ryan Vass,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Nathan Ryan Vass, by counsel James R. Milam II, appeals the Circuit Court of Nicholas County's October 6, 2020, order sentencing him to a term of incarceration upon his conviction by a jury of one count of soliciting a minor via computer. The State of West Virginia, by counsel Andrea Nease Proper, filed a response in support of the conviction. On appeal, petitioner argues that he was denied a fair trial when the circuit court held him in contempt during his testimony and, in so doing, limited his right to testify and present evidence in his defense.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2019, petitioner was indicted on one count of soliciting a minor via a computer based upon the messages he sent to his girlfriend's fourteen-year-old daughter, A.P., in which he requested and received explicit photographs of the child. Petitioner's trial commenced in August of 2020, and petitioner elected to testify in his own defense. Shortly after taking the stand, petitioner began exhibiting disruptive behavior. While on the witness stand, petitioner spoke directly to a law enforcement officer in the room, stating "[y]ou sat right here and lied, didn't you?" Petitioner continued to converse with people in the courtroom, directing statements to another law enforcement officer and to another witness. Petitioner also spoke over the questions posed by his counsel and the prosecuting attorney and frequently provided rambling or indirect answers to questions, leading to repeated admonishments from the circuit court. On cross-examination, petitioner directed a statement to the jury and was instructed by the circuit court to refrain from arguing "at or towards anybody in the courtroom." Shortly thereafter, when asked to read a letter he had written to the prosecuting attorney, petitioner spoke again to the jury explaining

1

his purpose for the letter. This statement led to another admonishment from the court to cease arguing his case on the stand. The circuit court warned petitioner, "You argue with that jury again, I will hold you in contempt and put you in jail right now." The circuit court further stated, "This is the second time I've told you not to argue at or towards anybody in this courtroom." The prosecuting attorney resumed his questioning of petitioner, who continued to be argumentative. Eventually, the State asked petitioner what his intentions were toward the child, to which he responded,

> I feel like if I would have had intent, I would have said something in the messages about wanting to engage in some kind of activity. That's—That's intent. Intentions are—Right or am I wrong? Am I wrong? If I intended or had [the] intent to break the law in this charge, I would have asked her to have sex with me. That's what this charge has been designed for, and it has a definition. It has elements. The main one is intent. Intent. No intent, you all.

At that time, the circuit court called a recess and dismissed the jury. The circuit court noted on the record that it had twice informed petitioner not to argue toward or at the jury, but petitioner ignored that instruction and did so a third time. Accordingly, the circuit court held petitioner in contempt and imposed a sanction of ten days of incarceration. The circuit court then again warned petitioner to cease arguing to the jury or he would be removed from the courtroom.

After taking a short recess, the circuit court reiterated, outside the presence of the jury, that petitioner had been held in contempt and described his conduct on the record. The circuit court observed that petitioner's conduct, demeanor, and actions showed aggression towards the jury in a highly inappropriate fashion. The circuit court noted that petitioner's demeanor and actions demonstrated that he was trying to intimidate the jury. Following the recess, petitioner was permitted to resume his testimony on cross-examination, which proceeded without incident. Petitioner's counsel elected against examining petitioner on redirect. Ultimately, the jury found petitioner guilty of one count of soliciting a minor via computer.

At a sentencing hearing held in October of 2019, the circuit court sentenced petitioner to two to ten years of incarceration for his conviction of soliciting a minor via computer and ten days of incarceration for being held in contempt, to run consecutively to the sentence for soliciting. Petitioner appeals the October 6, 2020, sentencing order.

Our general standard of review is as follows:

> In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 3, *State v. Vance*, 207 W. Va. 640, 535 S.E.2d 484 (2000).

On appeal, petitioner argues that his right to a fair trial was violated when the circuit court held him in contempt during his testimony and threatened to remove him from the courtroom. Petitioner avers that the circuit court interfered with his right to testify at trial and prevented him from presenting evidence in his defense in violation of his due process rights and the Fifth Amendment of the United States Constitution.

Having reviewed petitioner's brief to the Court, we find his briefing on this issue to be inadequate. Petitioner fails to comply with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered on December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the . . . record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner failed to include a table of contents, a table of authorities, or the relevant standard of review. Further, aside from referencing the statute under which he was charged and the Fifth Amendment of the United States Constitution, petitioner fails to cite to a single legal authority in support of his argument. We find petitioner's cursory mention of his due process rights and the Fifth Amendment insufficient to raise this issue on appeal given the complete lack of any legal citation or analysis demonstrating how he was harmed or prejudiced in this matter. Accordingly, we decline to review the issue pursuant to Rule 10(c)(7).

We briefly note, however, that even if petitioner preserved the issue for appellate review, he has failed to show that the circuit court abused its discretion in holding him in contempt for his contumacious behavior or that the circuit court prevented him from testifying or presenting a defense. The record is clear that petitioner was permitted to testify on direct without incident, was repeatedly admonished during his cross-examination for arguing to the jury and speaking to others in the courtroom while on the witness stand, was held in contempt outside the jury's presence, was permitted to continue to testify on cross-examination after being held in contempt, and would have been permitted to testify on re-direct had his counsel opted to proceed in that manner. On appeal, petitioner offers no explanation as to what testimony or evidence he was precluded from entering. Therefore, we cannot find that the circuit court prohibited petitioner from presenting either testimony or evidence in his defense during the proceedings below.

For the foregoing reasons, we affirm the circuit court's October 6, 2020, sentencing order.

Affirmed.

**ISSUED:** August 27, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton